**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 114159

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Austin Fettig, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Simon's Agency, Inc.,<br><br>Defendant. | Docket No:   5:17-cv-1237 (GLS/ATB)<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

Austin Fettig, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Simon's Agency, Inc. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1.   This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2.   This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.   Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.   At all relevant times, Defendant conducted business within the State of New York.

1

**PARTIES**

5. Plaintiff Austin Fettig is an individual who is a citizen of the State of New York residing in Jefferson County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Simon's Agency, Inc., is a New York Corporation with a principal place of business in Onondaga County, New York.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**ALLEGATIONS**

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated February 6, 2017. (**"Exhibit 1."**)

15. The Letter was the initial communication Plaintiff received from Defendant.

16. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692g**
**Validation of Debts**

17. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

18. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

19. The written notice must contain the amount of the debt.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

20. The written notice must contain the name of the creditor to whom the debt is owed.

21. The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

22. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

23. The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

24. A debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

25. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

26. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

27. A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

28. The Letter states, "If you would like our cooperation then. . ."

29. The Letter then gives Plaintiff three options, all of which are to pay the debt.

30. Conspicuously absent from the provided options to get Defendant's "cooperation" is the Plaintiff's right not to make payment or call Defendant, but to dispute the debt or demand validation of the debt as provided by 15 U.S.C. § 1692g.

31. The letter contains no transitional language explaining that the "options" for "cooperation" do not override Plaintiff's right to dispute the debt or seek validation of the alleged debt, as set forth at the bottom of the letter.

3

32. The "options" provided contradict the required disclosures.

33. The "options" provided overshadow the required disclosures.

34. The "options" provided would make the least sophisticated consumer uncertain or confused as to her rights.

35. Defendant's conduct would likely make the least sophisticated consumer uncertain as to her rights.

36. Defendant's conduct would likely make the least sophisticated consumer confused as to her rights.

37. The "options" provided overshadow Plaintiff's absolute right to dispute the debt.

38. The "options" provided overshadow Plaintiff's absolute right to demand validation of the debt.

39. The "options" provided overshadow Plaintiff's absolute right to request the name of the original creditor.

40. Pursuant to 15 U.S.C. § 1692g(b), if Plaintiff exercises the foregoing right, Defendant must stop its collection efforts as a matter of law until Defendant satisfies Plaintiff's requests.

41. Such duty to stop collection efforts is not contingent upon Plaintiff making any payment to Defendant.

42. Defendant has a duty to cooperate if Plaintiff exercises Plaintiff's absolute right to dispute the debt.

43. Defendant has a duty to cooperate if Plaintiff exercises Plaintiff's absolute right to demand validation of the debt.

44. Defendant has a duty to cooperate if Plaintiff exercises Plaintiff's absolute right to request the name of the original creditor.

45. Such required cooperation is not contingent upon Plaintiff making any payment to Defendant.

46. Such required cooperation is not contingent upon choosing any of the "options" offered by Defendant.

47. The Letter would likely lead the least sophisticated consumer to believe that the only way to get Defendant's cooperation is to choose one of the payment "options" offered by Defendant.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

4

48. The Letter would likely make the least sophisticated consumer forego her validation rights.

49. The Letter would likely make the least sophisticated consumer forego her validation rights for fear of Defendant not cooperating.

50. Defendant has violated § 1692g as the above-referenced language overshadows the information required to be provided by that Section.

## SECOND COUNT
## Violation of 15 U.S.C. § 1692e
## False or Misleading Representations

51. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

52. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

53. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

54. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

55. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

56. Because the collection letter in the instant case was reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of the FDCPA.

57. The least sophisticated consumer would likely be deceived by Defendant's conduct.

58. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

59. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## THIRD COUNT
## Violation of 15 U.S.C. § 1692f
## Unlawful Fee

60. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

5

61. 15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

62. 15 U.S.C. § 1692f(1) prohibits the collection of any amount, including any interest, fee, charge, or expense incidental to the debt, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

63. Defendant maintains a website at https://www.simonsagency.com/.

64. Defendant's website provides a payment portal, at https://paysimons.com/payment, for consumers to make payments online.

65. Defendant's payment portal sets forth that Defendant charges a convenience fee of $3.50 for payments made.

66. Such convenience fee is neither expressly authorized by the agreement creating the debt, nor permitted by law.

67. Such convenience fee is prohibited by 15 U.S.C. § 1692f(1).

68. Defendant violated 15 U.S.C. § 1692f by charging a convenience fee.

**FOURTH COUNT**
**Violation of 15 U.S.C. § 1692e**
**False Representation as to Unlawful Fee**

69. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

70. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

71. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

72. 15 U.S.C. § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may be lawfully received by any debt collector for the collection of a debt.

73. Defendant violated § 1692e by making a false representation that it is entitled to receive compensation for payment via a convenience fee.

74. The least sophisticated consumer would likely be deceived by the convenience fee language into believing that Defendant was legally entitled to collect the fee.

75. The least sophisticated consumer would likely be deceived in a material way by

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

6

Defendant's conduct.

76. Defendant violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## CLASS ALLEGATIONS

77. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using a collection letter which includes the same "options" language as the letter herein, from one year before the date of this Complaint to the present.

78. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

79. Defendant regularly engages in debt collection.

80. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts using a collection letter which includes the same "options" language as the letter herein.

81. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

82. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

83. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

84. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Certify this action as a class action; and

    b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

    c. Find that Defendant's actions violate the FDCPA; and

    d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Grant Plaintiff's costs; together with

    g. Such other relief that the Court determines is just and proper.

DATED: October 11, 2017

                                    **BARSHAY SANDERS, PLLC**

                                    By: _/s/ *Craig B. Sanders*_____
                                    Craig B. Sanders, Esq.
                                    100 Garden City Plaza, Suite 500
                                    Garden City, New York 11530
                                    Tel: (516) 203-7600
                                    Fax: (516) 706-5055
                                    csanders@barshaysanders.com
                                    *Attorneys for Plaintiff*
                                    Our File No.: 114159

BARSHAY | SANDERS PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530